UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NARENDRA JODHAN,

                      Petitioner,

     - against -

ROBERT E. ERCOLE, Superintendent,
Green Haven Correctional Facility,

                      Respondent.
------------------------------------------------------------X

07 Civ. 9263 (RMB) (JCF)

**DECISION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/08

**I.    Background**

On or about August 21, 2007, Narendra Jodhan (" Petitioner" or "Jodhan") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") against Robert E. Ercole, Superintendent of the Green Haven Correctional Facility ("Respondent"), challenging his June 2, 2003 conviction, following a jury trial, in New York State Supreme Court, Bronx County, of one count of rape in the first degree in violation of New York Penal Law § 130.35(1), one count of sodomy in violation of New York Penal Law § 130.5(1), and one count of assault in the second degree in violation of New York Penal Law § 120.05(2). (Petition at 1.) Petitioner was sentenced to a total of 20 years of imprisonment. Id. On March 28, 2008, the Appellate Division, First Department, affirmed Petitioner's conviction, holding that Petitioner's "claim that he was deprived of a fair trial by alleged prosecutorial misconduct in cross-examination and summation is unpreserved," People v. Jodhan, 37 A.D.3d 376, 377, 831 N.Y.S.2d 53, 54 (1st Dep't 2007), and that "any arguable imbalance in the trial court's initial Allen charge was cured when the court supplemented that charge with an additional instruction, which clearly stated the principle that jurors should not surrender their conscientiously held positions, and which

prompted no further objection from [Petitioner]," Id.  On June 5, 2007, the New York Court of Appeals denied leave to appeal.  People v. Jodhan, 9 N.Y.3d 845, 872 N.E.2d 885, 840 N.Y.S.2d 772 (2007).

On March 28, 2008, Magistrate Judge James C. Francis IV, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report") recommending that the Court deny the Petition because, among other things, (1) Petitioner failed to "preserve a claim of prosecutorial misconduct for appellate review" and, even if the claim had been preserved, no relief would be warranted because "prosecutorial misconduct cannot give rise to a constitutional claim unless the prosecutor's acts constitute egregious misconduct"; and (2) "the [trial] court's modified Allen charge, when taken in context, did not prejudice the Petitioner to such an extent that he was denied the right to a fair trial." (Report at 11, 15, 24.)

The Report instructed that "pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation." (Id. at 25.)  On or about April 3, 2008, Respondent filed a timely objection ("Resp. Obj.") to the Report, stating that it "agree[d] with the magistrate judge's ultimate conclusion recommending denial of the petition [but was] respectfully object[ing] to the standard of review that the magistrate judge applied to the merits of Petitioner's claims." (Resp. Obj. at 3.)  On or about June 5, 2008, Petitioner also filed objections ("Pet. Obj.") to the Report.

**For the reasons stated below, the Report is adopted in all respects and the Petition is denied.**

## II. Standard of Review

The Court "shall make a <u>de novo</u> determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1). "The Court may adopt any portions of a magistrate judge's report to which no objections have been made and which are neither clearly erroneous nor contrary to law." See <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); <u>Grassia v. Scully</u>, 892 F.2d 16, 19 (2d Cir.1989).

Where, as here, a petitioner is proceeding <u>pro se</u>, the Court will "read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994).

## III. Analysis

The Court has conducted a <u>de novo</u> review of, among other things, the Petition, the Report, the Petitioner's and the Respondent's Objections, the record, and applicable legal authorities, and concludes that Judge Francis's determinations and recommendations are supported by the record and the law in all respects.[1] See <u>Pizarro v. Bartlett</u>, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The Court concludes that Petitioner's and Respondent's Objections provide no basis to depart from the Report's analysis and recommendations. See <u>Rosa v. United States</u>, 170 F. Supp. 2d 388, 409 (S.D.N.Y. 2001).

---

[1] As to any portions of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See <u>Pizarro</u>, 776 F.Supp. at 817. Any Objections not specifically discussed in this Decision & Order have been considered <u>de novo</u> and rejected.

**(1) Prosecutorial Misconduct Claim**

Judge Francis properly concluded that "[P]etitioner has not provided any explanation for trial counsel's failure to preserve the [prosecutorial misconduct] claim" (Report at 15); Petitioner fails to "demonstrate cause for [trial counsel's] default"; and does not show that he experienced "actual prejudice as a result of the alleged violation," Coleman v. Thompson, 501 U.S. 722, 750 (1991). This is not the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 488 (1986). "Given the overwhelming evidence of guilt," Jodhan, 37 A.D.3d at 377, any alleged prosecutorial misconduct would not have had a "substantial and injurious effect or influence in determining the jury's verdict," Barclay v. Spitzer, No. 02 Civ. 02184, 2003 WL 24053776, at *14 (E.D.N.Y Sept. 17, 2003).

**(2) Allen Claim**

Judge Francis also properly determined that "[the] trial judge's supplemental instructions to [the] deadlocked jury to continue deliberations" appropriately provided "specific cautionary language reminding jurors not to abandon their own conscientious beliefs." (Report at 22-23); see Spears v. Greiner, 459 F.3d 200, 206 (2d Cir. 2006); see also United States v. Henry, 325 F.3d 93, 107-08 (2d Cir. 2003); United States v. Corcione, 592 F.2d 111, 117 (2d Cir. 1979).

**Respondent's Objection**

Respondent argues that because there is "no clearly established Federal Law, as determined by the Supreme Court, that holds that a prosecutor's improper questioning of a criminal defendant can amount to a due process violation," Judge Francis "applied an incorrect standard of review" to Petitioner's prosecutorial misconduct claim under the Anti-Terrorism and

Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). (Resp. Obj. at 1, 6.) Judge Francis concluded that because "Petitioner's claim fails under the less deferential pre-AEDPA standard," and, accordingly, because the claim could not survive a more deferential review, "there is no need to conduct the AEDPA's more intricate analysis." (Report at 10 n.6); see Prado v. Fischer, No. 01 Civ. 10751, 2005 WL 746240, at *2 (S.D.N.Y. Mar. 31, 2005); see also Valderas v. Artus, No. 05 Civ. 4980, 2007 WL 2456610, at *2 (S.D.N.Y. Aug. 30, 2007). The "Report set forth the appropriate Supreme Court authority on [Petitioner's] due process challenges" and "demonstrated that the [trial court's] denial of the claim did not run athwart of the standard of review established by AEDPA." (See Report at 15-21); see also Prado, 2005 WL 746240, at *2; Valderas, 2007 WL 2456610, at *2.

### IV.     Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing, and a certificate of appealability is neither warranted nor appropriate. Any appeal from this Decision & Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

### V.      Conclusion and Order

For the reasons stated herein and therein, the Court adopts the Report in its entirety and denies the Petition. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       June 16, 2008

_RMB_
RICHARD M. BERMAN, U.S.D.J.